IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATREISSA DARSHELLE RANDOLPH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ONE SOURCE TEMPORARY SERVICE, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br><br> No. 17-2696-KHV |

### MEMORANDUM AND ORDER

LaTreissa Darshelle Randolph, pro se, brings suit against One Source Temporary Service for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. See Employment Discrimination Complaint (Doc. #1) filed December 11, 2017. On March 5, 2018, defendant filed a motion for summary judgment and provided notice of plaintiff's obligation to respond under Rule 56, Fed. R. Civ. P., and D. Kan. Rule 56.1. See Defendant Labor Source, LLC's Motion For Summary Judgment (Doc. #13); Notice To Pro Se Litigant Who Opposes A Motion For Summary Judgment (Doc. #15). Pursuant to D. Kan. Rule 56.1(d)(2), plaintiff had 21 days − or until March 26, 2018 − to respond to the summary judgment motion. Plaintiff did not file a response by that date.

On March 28, 2018, two days after the response was due, plaintiff filed a Motion For New Hearing And Extension Of Time To Respond To Motion For Summary Judgment (Doc. #19). In the motion, plaintiff states as follows:

> I LaTreissa Randolph, apologize for missing the date for defendant's pending motion for summary judgment on March 26, 2018. I am asking the summary Judge, James O' Hara, if April 3, 2018 would be a good time to see me as the next court time would be April 5th, 2018, [w]hen I would file my mediation notice. I also will content, [sic] Kevin D. Case the defendant lawyer to assure the meeting.

Motion (Doc. #19).

To the extent plaintiff asks the Court to schedule a meeting or hearing, she does not state the purpose or need for such meeting or hearing. Absent such information, the Court overrules plaintiff's request.

To the extent plaintiff requests an extension of time to respond to the summary judgment motion, her motion does not comply with the requirements of D. Kan. Rule 6.1(a). That rule states as follows:

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
>
>> (1) whether there has been prior consultation with other parties and the views of other parties;
>> (2) the date when the act was first due;
>> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
>> (4) the cause for the requested extension.
>
> Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.

D. Kan. Rule 56.1(a). Plaintiff's motion does not state (1) whether plaintiff has consulted with defendant and the views of defendant or (2) the cause for the requested extension. In addition, plaintiff did not file the motion before her response time expired and has not shown excusable neglect for her failure to do so.[1]

---

[1] Inadvertence, ignorance of the rules or mistakes construing the rules do not usually constitute excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). The determination whether neglect is excusable is at bottom an equitable one that requires the Court to consider all relevant circumstances including (1) the danger of prejudice
(continued…)

Defendant opposes plaintiff's motion because it does not comply with Court procedural rules and plaintiff has not shown excusable neglect.  See Defendant Labor Source, LLC's Response To Plaintiff LaTreissa Randolph's Motion For Extension Of Time (Doc. #20) filed April 3, 2018.   Ordinarily, the Court would summarily deny the motion without giving plaintiff further opportunity to respond.  The fact that plaintiff proceeds pro se does not alter this result. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) (pro se litigants must follow same procedural rules as other litigants).  Nevertheless, because plaintiff filed her motion only two days after the response was due and because this is first time that plaintiff has failed to follow procedural rules, the Court will extend to **April 20, 2018**, the time for plaintiff to file a response to the summary judgment motion.

The Court cautions plaintiff that with regard to future filings, it will not tolerate failure to follow Court procedural rules, including those set forth in the Federal Rules of Civil Procedure and the District of Kansas Rules of Practice and Procedure.  In addition, regarding defendant's motion for summary judgment, the Court advises plaintiff to carefully review the Notice To Pro Se Litigant Who Opposes A Motion For Summary Judgment (Doc. #15) and exhibits thereto. Failure to timely file a response and/or comply with the requirements of Rule 56, Fed. R. Civ. P.,

---

to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, including whether it was within the reasonable control of movant and (4) whether movant acted in good faith. Id. at 395; Bishop v. Corsentino, 371 F.3d 1203, 1206-07 (10th Cir. 2004).  Of these factors, fault in the delay is "a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." Biodiversity Conservation Alliance v. Bureau of Land Mgmt., 438 Fed. Appx. 669, 673 (10th Cir. 2011); United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004); Chanute v. Williams Nat. Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994).

and D. Kan. 56. will likely result in the Court without further notice sustaining defendant's motion and granting judgment in favor of defendant on all of plaintiff's claims.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For New Hearing And Extension Of Time To Respond To Motion For Summary Judgment (Doc. #19) filed March 28, 2018 is **SUSTAINED** in part.  On or before **April 20, 2018**, plaintiff may file a response to Defendant Labor Source, LLC's Motion For Summary Judgment (Doc. #13) filed March 5, 2018.

Dated this 6th day of April, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
